75 Wn. App. 529 (1994)
878 P.2d 1255
THE STATE OF WASHINGTON, Respondent,
v.
K.K.H., Petitioner. THE STATE OF WASHINGTON, Respondent,
v.
H.J.D., Petitioner. THE STATE OF WASHINGTON, Respondent,
v.
K.K.G., Petitioner.
No. 29305-2-I.
The Court of Appeals of Washington, Division One.
August 22, 1994.
*531 Ken P. Henrikson of The Defender Association; James W. Conroy of Society of Counsel Representing Accused Persons, for petitioners.
Norm Maleng, Prosecuting Attorney, and Greg Russell Hubbard and Margaret Nave, Deputies, for respondent.
GROSSE, J.
K.K.H., H.J.D., and K.K.G. (hereinafter the juveniles) claim the procedures used in probable cause and detention proceedings in the juvenile division of the King County Superior Court deprived them of due process, violate juvenile court and criminal rules, and do not comply with the decision of the United States Supreme Court in County of Riverside v. McLaughlin, 500 U.S. 44, 114 L.Ed.2d 49, 111 S.Ct. 1661 (1991).[1] We granted discretionary review.
This case is before us under unusual circumstances. At the time the juveniles filed their Motion for Discretionary Review, they claimed their cases were representative of procedures routinely being used in juvenile court proceedings. At oral argument, the parties disagreed as to whether the challenged practices were presently occurring, and whether the issues were moot as to the three juvenile appellants. Also, after the motion for discretionary review was filed, JuCR 7.3 was amended specifically for the purpose of fulfilling the dictates of Riverside regarding probable cause determinations. We are therefore called upon to review not only practices that may not be occurring presently, but also claims that are based on a juvenile court rule that has since been amended and claims that are moot as to the juveniles since none remain in detention or otherwise suffer disability as a direct result of the challenged procedures.
[1] We will address the issues notwithstanding their mootness because we find that they are of substantial and continuing public interest. In re Swanson, 115 Wn.2d 21, 24-25, 804 P.2d 1 (1990). However, in order to best serve the public interest in our resolution of the issues, we will analyze *532 them in light of the current version of JuCR 7.3 and not the version in effect over 2 years ago when the juveniles filed their Motion for Discretionary Review.

FACTS OF REPRESENTATIVE CASES
K.H. was arrested on September 20, 1991, for possession of stolen property and was placed in the Department of Youth Services detention center later the same day. Less than 24 hours after K.H.'s arrest, the prosecutor telephoned a King County superior court judge, was placed under oath, and read the Seattle Police Department reports regarding the case to the judge. Defense counsel was present with the prosecutor when the call was made, but the judge denied his request to participate in the call. The judge found an adequate basis upon which to find probable cause to believe K.H. committed the crime for which he was arrested. A detention review hearing was scheduled for September 23, 1991. Prior to the hearing on that date, the prosecutor filed an Information, and the hearing was continued to the next day. At the September 24 hearing, the court ordered K.H. detained pending trial. K.H.'s first appearance in court was approximately 96 hours after his arrest.
K.G. was arrested on October 6, 1991, for possession of cocaine with intent to deliver. He was placed in the detention center the next day and was scheduled for a probable cause determination and detention review hearing on October 8, 1991. Just before the hearing, the State filed an Information and Certification of Probable Cause, and the hearing was stricken. K.G. was arraigned on October 9, 1991, and ordered detained. In the detention order, the court found that probable cause existed to believe K.G. committed the crime for which he was arrested. K.G. first appeared in court approximately 60 hours after his arrest.
H.D. was arrested on October 3, 1991, for theft in the third degree. She was placed in the detention center on October 4, 1991. A probable cause and detention review hearing was scheduled for later that day. Prior to the hearing, the State filed an Information, Certification of Probable *533 Cause, and motion for a bench warrant for both the theft charge and an earlier assault charge. A King County superior court judge reviewed the certification and signed the arrest warrant on October 4. The court found probable cause at the October 7 arraignment and detention review hearing. H.D.'s first court appearance was approximately 96 hours after her arrest.

DISCUSSION
Before it was amended, JuCR 7.3 required that a juvenile be given a hearing on issues of probable cause and detention "as soon as it is practicable to do so". The court was required to "make every reasonable effort to conduct the hearing by the end of the next judicial day." Former JuCR 7.3(a).
[2] Effective September 1, 1993, JuCR 7.3(a) was amended to provide: "Any juvenile who has been taken into custody and detained must receive a judicial determination on the issues of probable cause no later than 48 hours following the juvenile's arrest." The amendment was designed to reflect the United States Supreme Court's opinion in Riverside. In that case, the Court defined the term "prompt" as it was used in Gerstein v. Pugh, 420 U.S. 103, 43 L.Ed.2d 54, 95 S.Ct. 854 (1975), wherein the Court held that the Fourth Amendment required a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. In Riverside, the Court held that jurisdictions providing "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein. For this reason, such jurisdictions will be immune from systemic challenges." Riverside, 500 U.S. at 56.
In light of the amendments to JuCR 7.3(a), any Fourth Amendment challenge to the subsection on its face must fail. We also reject the juveniles' argument that a 24 hour limit should be imposed on the time between a juvenile's arrest and the probable cause determination. The 48-hour limit in JuCR 7.3(a) was designed to, and does, embody the constitutional *534 safeguards prescribed in Riverside. A shorter time limit is not constitutionally mandated.
The challenges here are to practices and procedures which allegedly improperly delayed the juveniles' preliminary appearances after arrest. Prior to its amendment, JuCR 7.3(a) provided for "a hearing on the issues of probable cause and detention". The amended rule no longer requires a hearing on the issue of probable cause, but rather a "judicial determination" of probable cause. Consequently, under the current version of JuCR 7.3(a), the issue is not whether juveniles are timely granted a preliminary hearing, but rather whether they receive a judicial determination of probable cause within 48 hours of arrest. Accordingly, our analysis of the issues presented will focus on whether the challenged procedures comply with JuCr 7.3(a) and afford juveniles a judicial determination of probable cause no later than 48 hours following arrest.
We assume for purposes of our analysis that, by whatever method the probable cause determination is made, it complies with JuCR 7.3(a) to the extent it is made within 48 hours of arrest. Moreover, we assume that in addition to occurring within 48 hours of arrest, the probable cause determinations are not unreasonably delayed.[2]

A

Telephone Conference
One procedure challenged is the use of a telephone conference between the prosecutor and the judge for the purpose of determining probable cause. At the beginning of the telephone conference, the judge puts the prosecutor under oath and the prosecutor proceeds to read police reports concerning the case. The juvenile is not present during this conference. The juvenile's counsel is not permitted to participate in *535 the conference although he or she may be present with the prosecutor while the conference is taking place. The telephone conference is recorded and preserved.[3]
Amended JuCR 7.3 provides in part:
The court shall determine probable cause on the sworn testimony of a peace officer or prosecuting attorney. The sworn testimony may be by written affidavit or electronically recorded, and in either case the testimony shall be preserved.
JuCR 7.3(b).
[3] Nothing in the rule requires that the juvenile's counsel be permitted to participate. In Gerstein, the Court held that where the sole issue is whether probable cause exists to detain the arrestee pending further proceedings, the issue can be determined without an adversary hearing. Gerstein, 420 U.S. at 120. Use of an informal, nonadversary procedure is justified by the lesser consequences of a probable cause determination and the nature of the determination:
It does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt.
Gerstein, 420 U.S. at 121. The Court held that because of the limited function and nonadversary character of the probable cause determination, it is not a critical stage of the prosecution that requires counsel. Gerstein, 420 U.S. at 122.
We conclude that JuCR 7.3(b) meets the requirements set forth in Gerstein and that an adversary hearing on the issue of probable cause in which the juvenile's counsel is permitted to participate is not required. Rather, we find that a probable cause determination may be made by use of a telephone conference between the prosecuting attorney and the judge, during which the prosecutor presents sworn testimony which is preserved.

*536 B

Information
The contention is made that in cases in which the prosecutor files an information before the juvenile receives a probable cause determination, the routine practice is for the probable cause determination to be stricken so that the juvenile is deprived of a probable cause determination within 48 hours of his or her arrest.[4] We agree with the claim that this practice violates JuCR 7.3, Gerstein and Riverside.
[4] JuCR 7.3(a), which incorporates the dictates of Riverside and Gerstein, plainly and unequivocally requires that a juvenile who has been taken into custody and detained receive a judicial determination on the issues of probable cause within 48 hours of his or her arrest. In Gerstein, the Court held that the prosecutor's assessment of probable cause, manifested by the filing of an information, is not sufficient to satisfy the Fourth Amendment's requirement of a prompt judicial determination of probable cause before a person may be subjected to an extended pretrial detention following a warrantless arrest. Gerstein, 420 U.S. at 116-19.[5] We hold that filing an information, even within 48 hours of the juvenile's arrest, cannot be a substitute for a judicial determination of probable cause and does not relieve the State from the requirements of JuCR 7.3(a).

C

Bench Warrant
Finally, the contention is made that the requirement a juvenile receive a probable cause determination within 48 hours of arrest cannot be met by the court's ex parte signing *537 of a bench warrant, even if signed within 48 hours of arrest.[6] We disagree.
[5] As stated above, the determination of probable cause is not an adversary proceeding and the juvenile's counsel need not be given permission to participate. Gerstein, 420 U.S. at 122. Unlike a prosecutor's decision to file an information, the issuance of a bench warrant necessarily entails a judicial determination of probable cause. Therefore, provided the bench warrant is issued within 48 hours of the juvenile's arrest and without unreasonable delay, JuCR 7.3(a) may be satisfied by the ex parte issuance of a bench warrant.
With the above concerns expressed, the appeals are dismissed.
PEKELIS, A.C.J., and AGID, J., concur.
Review denied at 126 Wn.2d 1015 (1995).
NOTES
[1] In Riverside, the Court held that the Fourth Amendment requires that a person who is detained without a warrant be given a judicial determination of probable cause within 48 hours of arrest.
[2] Our assumption is necessitated by the Riverside Court's statement that a probable cause determination made within 48 hours of arrest may still violate Gerstein "if the arrested individual can prove that his or her probable cause determination was delayed unreasonably." Riverside, 500 U.S. at 56. Therefore, our discussion of the validity of the challenged procedures is subject to the assumption that they result in probable cause determinations made within 48 hours of the juvenile's arrest, and without unreasonable delay.
[3] In K.H.'s case, the telephone conference took place within 48 hours of his arrest. The prosecutor was sworn prior to testifying and his testimony was preserved. The court took care to limit the telephone proceeding to a determination of probable cause and specifically refused to address the detention issue.
[4] This occurred in K.G.'s case. He was arrested and scheduled for a probable cause determination within 48 hours. However, because the prosecutor filed an Information the hearing was stricken and the probable cause determination was made in the detention order, well beyond 48 hours after K.G.'s arrest.
[5] The Court stated: "Although a conscientious decision that the evidence warrants prosecution affords a measure of protection against unfounded detention, we do not think prosecutorial judgment standing alone meets the requirements of the Fourth Amendment." Gerstein, 420 U.S. at 117.
[6] This occurred in H.D.'s case. H.D. was arrested and detained on October 3. Upon the State's ex parte motion, the court issued a bench warrant for her arrest on October 4.