129 P.3d 805 (2006)
131 Wash.App. 729
STATE of Washington, Appellant,
v.
Mitia Marie DION, Respondent.
No. 55739-4-I.
Court of Appeals of Washington, Division 1.
February 27, 2006.
David B. Koch, Nielson Broman & Koch, Seattle, WA, for Appellant.
Brian M. McDonald, King County Prosecutor's Office, Seattle, WA, for Respondent.
DWYER, J.
¶ 1 The State of Washington appeals from an order dismissing second degree robbery charges against respondent Mitia Marie Dion. The order dismissing this adult criminal charge was premised upon an earlier order which purported to extend juvenile court jurisdiction over Dion. The State argues that the order extending juvenile court jurisdiction was entered without statutory authority, thus rendering erroneous the subsequent entry of the dismissal order. We agree and, accordingly, reverse.
¶ 2 The facts of this case are easily stated. The State contends that on Wednesday, July 28, 2004, three days before her eighteenth birthday, Dion entered a store and took clothing without paying for it. The State further alleges that Dion pushed and kicked a security officer who attempted to detain her. Ultimately, Dion was subdued, arrested at the scene by police, and booked into the King County juvenile detention facility.
¶ 3 On Friday, July 30, 2004, the day before her eighteenth birthday, Dion was brought to court for a probable cause and detention hearing. After determining that probable cause existed to support the warrantless arrest, the judge presiding authorized Dion's release from custody, subject to her father's supervision, and ordered her to return to court on Tuesday, August 3, 2004.[1] Upon learning that Dion would turn 18 on July 31, 2004, the judge entered a written order extending juvenile court jurisdiction until January 31, 2005, over the State's objection.
¶ 4 On September 30, 2004, the prosecutor filed an information in King County Superior *806 Court charging 18-year-old Dion as an adult with one count of second degree robbery. Dion moved to dismiss the charge, arguing that it was violative of the order extending juvenile court jurisdiction. The matter was referred for decision to the judge who had entered that order. After hearing, the order dismissing the second degree robbery charge was entered.[2]
¶ 5 The determinative question on appeal is whether statutory authority existed to support the juvenile court's July 30, 2004 order extending juvenile court jurisdiction. The relevant statute reads, in pertinent part:
(1) In no case may a juvenile offender be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institution beyond the juvenile offender's twenty-first birthday. A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:
(a) Proceedings are pending seeking the adjudication of a juvenile offense and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday.
RCW 13.40.300.
¶ 6 In this case, the required written order was entered. The sole question is whether a probable cause and detention hearing, held pursuant to JuCR 7.3(a), (b), and (c), constitutes "[p]roceedings ... pending seeking the adjudication of a juvenile offense," within the meaning of RCW 13.40.300(1)(a). The answer is no.
¶ 7 As our Supreme Court has noted, "[t]echnically speaking, juveniles are not `convicted' of crimes, but rather `adjudicated' to have committed offenses." In re Juveniles A, B, C, D, E, 121 Wash.2d 80, 87, 847 P.2d 455 (1993). Thus, a pending proceeding "seeking the adjudication of a juvenile offense" is an ongoing proceeding, the ultimate aim of which is a determination of guilt, or absence of guilt, as to a charged offense.
¶ 8 A probable cause hearing is not such a proceeding. Following a warrantless arrest, the Fourth Amendment requires a judicial determination of probable cause within 48 hours. County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). The determination of probable cause is not an adversarial proceeding. State v. K.K.H., 75 Wash.App. 529, 878 P.2d 1255 (1994). The sole focus of the inquiry is whether probable cause exists to justify both the warrantless arrest and resultant detention "pending further proceedings." K.K.H., 75 Wash.App. at 535, 878 P.2d 1255 (citing Gerstein v. Pugh, 420 U.S. 103, 120, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Indeed, the judge making the probable cause determination need not be sitting in a court with "the power to hear and determine the charges" ultimately brought, if any. State v. Werner, 129 Wash.2d 485, 494, 918 P.2d 916 (1996).
¶ 9 As the State correctly points out, a judicial determination that probable cause exists does not mandate that any criminal charge will actually be filed. A plethora of reasons exist to justify a prosecutor's discretionary decision to decline to file charges, notwithstanding the existence of probable cause. Moreover, in many circumstances wherein a charge is ultimately filed the juvenile court is not the proper forum for the resolution of the dispute. See, e.g., RCW 13.04.030(1)(e)(iii) and (v) (establishing the district court or adult superior court as the proper forum for certain offenses). Notably, in this case, after the court's August 3, 2004 order vacating conditions of release, the authority of the juvenile court was in no way being exercised as to Dion personally or over the subject matter of this dispute. At that time, there was no "proceeding" pending.
¶ 10 We have previously noted that "juvenile court jurisdiction is invoked over a juvenile offense proceeding by filing an information." State v. Nicholson, 84 Wash.App. 75, 78, 925 P.2d 637 (1996) (quoting JuCR 7.1). Upon such filing, a "proceeding" is "pending *807 seeking the adjudication of a juvenile offense." Because no such proceeding was pending at the time of the juvenile court's July 30, 2004 order, we conclude that the order was entered without statutory authority.
¶ 11 Accordingly, we reverse and remand to the King County Superior Court for further proceedings consistent with this opinion.
WE CONCUR: APPELWICK, A.C.J., and ELLINGTON, J.
NOTES
[1] The prosecutor was required to file an information by Monday, August 2, 2004, in order for Dion to be either detained or released on conditions past that date. JuCR 7.3(c). Inasmuch as no information was filed, the judge vacated the condition of release and released Dion unconditionally at the August 3 hearing.
[2] Subsequent orders have been entered purporting to extend juvenile court jurisdiction until June 1, 2006, in order to facilitate resolution of this appeal.