2011 ND 192

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Michael WOODROW, Defendant and Appellee.**

Nos. 20100334, 20100337, 20100335, 20100336.

Supreme Court of North Dakota.

Sept. 15, 2011.

Elizabeth Ledgerwood Pendlay, State's Attorney, Crosby, N.D., for plaintiff and appellant.

Tom P. Slorby, Minot, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] The State appeals from a district court order granting Michael Woodrow's motion to dismiss five counts of gross sexual imposition, class A felonies, based on a lack of jurisdiction. Because we conclude the district court has jurisdiction under N.D.C.C. § 27–20–34(8), we reverse and remand for further proceedings.

I

[¶ 2] In December 2007, the State filed a summons and amended petition in the juvenile court alleging Woodrow committed five counts of gross sexual imposition. The juvenile court subsequently entered an order transferring jurisdiction for all five counts to the district court, and Woodrow appealed. In *Interest of M.W.*, 2009 ND 55, 764 N.W.2d 185 (*"M.W. I"*), this Court reversed the juvenile court order and remanded for further proceedings under N.D.C.C. § 27–20–34(1)(c).

[¶ 3] On remand, the juvenile court held another transfer hearing in August 2009, and the parties presented further testimony regarding the other elements required for transfer under N.D.C.C. § 27–20–34(1)(c). On January 3, 2010, Woodrow turned twenty years old. In orders dated January 6, 2010, and filed January 7, 2010, the juvenile court transferred jurisdiction for counts four and five of the amended petition to the district court, but denied transferring the first three counts. Woodrow appealed the juvenile court's order transferring counts four and five to the district court. In *Interest of M.W.*, 2010 ND 135, 785 N.W.2d 211 (*"M.W. II"*), we held the juvenile court lacked jurisdiction over the matter at the time it entered its transfer order because Woodrow had turned twenty years of age.

[¶ 4] In January and February 2010, the State filed four criminal complaints in the district court alleging Woodrow committed five counts of gross sexual imposition. In July 2010, Woodrow filed a motion to dismiss, alleging the district court lacked jurisdiction over the five gross sexual imposition charges under N.D.C.C. § 27–20–34(5). The State opposed the motion, asserting Woodrow was properly charged in the district court under N.D.C.C. § 27–20–34(8). After a September 2010 hearing, the court issued an order

granting Woodrow's motion to dismiss all five counts, stating the court was without jurisdiction.

## II

[¶ 5] The State argues the district court erred in dismissing the charges against Woodrow based on the ground of lack of jurisdiction. To address this issue, we must construe provisions of N.D.C.C. ch. 27–20 to decide whether the district court has jurisdiction over the charges.

[¶ 6] Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of the statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. Statutory interpretation is a question of law, which is fully reviewable on appeal. *Kaspari v. Olson*, 2011 ND 124, ¶ 13, 799 N.W.2d 348.

## A

[¶ 7] The State argues that N.D.C.C. § 27–20–34(8), rather than N.D.C.C. § 27–20–34(5), applies to provide the district court jurisdiction over the charges.

[¶ 8] Section 27–20–34(5), N.D.C.C., states: *"No child subject to the jurisdiction of the juvenile court,* either before or after reaching eighteen years of age, may be prosecuted for an offense previously committed unless the case has been transferred as provided in this section." (Emphasis added.) However, N.D.C.C. § 27–20–34(8), provides for the district court's "original and exclusive jurisdiction" in specified circumstances, and states:

A person [1] at least twenty years of age who [2] committed an offense while a child and [3] *was not adjudicated for the offense* in juvenile court may be prosecuted in district court as an adult, *unless* [4] *the state intentionally delayed the prosecution to avoid juvenile court jurisdiction.* The district court has original and exclusive jurisdiction for the prosecution under this subsection.

(Emphasis added.)

[¶ 9] In *M.W. II*, 2010 ND 135, ¶ 6, 785 N.W.2d 211, we discussed the parameters of juvenile court jurisdiction:

The parameters of a juvenile court's jurisdiction are set forth in N.D.C.C. § 27–20–03(1), which states in relevant part: "The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by [N.D.C.C. ch. 27–20]: a. Proceedings in which a child is alleged to be delinquent, unruly, or deprived; . . . ." Further, a " '[c]hild' means an individual who is . . . [u]nder the age of twenty years with respect to a delinquent act committed while under the age of eighteen years." N.D.C.C. § 27–20–02(4)(b). Under N.D.C.C. § 27–20–36(6), "when the child attains the age of twenty years, all orders affecting the child then in force terminate and the child is discharged from further obligation or control." Section 27–20–37(1)(b), N.D.C.C., provides that "[a]n order of the court must be set aside if: . . . [t]he court lacked jurisdiction over a necessary party or of the subject matter."

In *M.W. II*, at ¶ 7, it was "undisputed that M.W. was 20 years old at the time the juvenile court entered its order transferring counts four and five of the amended petition to the district court, and he was under 18 at the time of the alleged delinquent act." We concluded that "[o]nce M.W. turned 20 years old, the juvenile

court lacked jurisdiction under N.D.C.C. ch. 27–20 to enter a valid order regarding M.W." *Id.* We therefore vacated the juvenile court's order because the order, filed four days after M.W. had turned twenty years old, was void. *Id.; see* N.D.C.C. §§ 27–20–36(6), 27–20–37(1)(b). Under N.D.C.C. § 27–20–02(4)(b), a " '[c]hild' means an individual who is . . . [u]nder the age of twenty years with respect to a delinquent act committed while under the age of eighteen years." Thus, in determining whether the district court has jurisdiction in this case, Woodrow had ceased to be a "child" for purposes of N.D.C.C. ch. 27–20.

[¶ 10] Here, N.D.C.C. § 27–20–34(5), plainly states that no "child" subject to juvenile court jurisdiction may be prosecuted, unless the case has been transferred in accordance with the section. However, N.D.C.C. § 27–20–34(8), in granting the district court original and exclusive jurisdiction, refers to "a person" at least twenty years of age. Therefore, construing N.D.C.C. § 27–20–34(5) and (8) together, we conclude that when a defendant ceases to be a "child," as the term is defined under N.D.C.C. ch. 27–20, and charges are brought in the district court, N.D.C.C. § 27–20–34(8) governs the district court's exercise of jurisdiction, so long as the specific statutory requirements noted above are met.

## B

[¶ 11] The State argues that the district court has jurisdiction under N.D.C.C. § 27–20–34(8), because Woodrow has reached twenty years of age, he committed all five alleged offenses while he was a child, he was not adjudicated for the offenses in the juvenile court, and the State has not intentionally delayed prosecution to avoid juvenile court jurisdiction. At the outset, we note it is undisputed that the first two elements have been met.

The issues are whether Woodrow was "adjudicated" for the offenses in the juvenile court and whether the State "intentionally delayed prosecution" to avoid juvenile court jurisdiction. The district court, however, made no findings and provided no explanation on how it decided that it lacked jurisdiction.

[¶ 12] The State argues Woodrow has not been "adjudicated" for the offenses, because the juvenile court had not adjudicated him delinquent for the offenses. Woodrow argues, however, that a broader definition of adjudication is necessary because charges were brought in the juvenile court and two transfer hearings were held which determined "probable cause," which constitutes adjudication for purposes of the statute. The State responds that N.D.C.C. ch. 27–20 does not define "adjudication," but there are numerous references to "adjudication of delinquency" throughout the chapter which mean there must be a judicial determination that a delinquent act was committed. *See, e.g.,* N.D.C.C. §§ 27–20–20.1(6)(b), 27–20–27(2), and 27–20–51(4), (5).

[¶ 13] Although "adjudication" is not defined in N.D.C.C. ch. 27–20, "adjudication" has been defined as: "1. The legal process of resolving a dispute; the process of judicially deciding a case. 2. JUDGMENT." *Black's Law Dictionary* 47 (9th ed.2009). Further, in *In re T.A.S.,* 62 S.W.3d 650, 658 (Mo.Ct.App.2001), the court defined "adjudication" as follows:

The dictionary definition of "adjudication" is "the act or process of adjudicating." Webster's Third New International Dictionary 27 (1971). The verb "adjudicate" means "to settle finally (the rights and duties of the parties to a court case) on the merits of issues raised: enter on the records of a court (a final judgment, order, or decree of

sentence)." *Id.* Thus, an "adjudication" is the act or process of *settling finally the rights and duties of the parties* to a court case. (Emphasis added.) *See also In re M.A.V.,* 88 S.W.3d 327, 329–30 (Tex.Ct.App.2002) (transfer hearing was not an adjudicatory trial because the subject of the inquiry was not the child's guilt or innocence, but rather whether there was "probable cause" to believe the child committed the offense and whether criminal proceedings were required based on the alleged offense's seriousness or the child's background).

[¶ 14] Several courts have also held other types of "pretrial" hearings in juvenile court were not adjudicative in nature. *Cf. State v. Dion,* 131 Wash.App. 729, 129 P.3d 805, 806 (2006) (probable cause and detention hearing not a pending proceeding seeking "adjudication" of a juvenile offense); *State v. Whisenant,* 127 Ohio App.3d 75, 711 N.E.2d 1016, 1023 (1998) (bindover proceeding is not "adjudicative" as juvenile's guilt or innocence is not at issue); *M.A.V., Jr. v. Webb County Court at Law,* 842 S.W.2d 739, 748 (Tex.Ct.App. 1992) (juvenile court discretionary transfer hearing was not "adjudication," but rather dispositional in nature); *People v. P.H.,* 145 Ill.2d 209, 164 Ill.Dec. 137, 582 N.E.2d 700, 707 (1991) ("gang-transfer" hearing, deciding whether minor to be prosecuted under criminal laws, not an "adjudicatory hearing" and thus does not result in double jeopardy violation).

[¶ 15] Here, it is undisputed that Woodrow has not had any hearing in the juvenile court to decide with finality whether he was delinquent. Further, although preliminary proceedings occurred, no "adjudication" was held in the juvenile court in which Woodrow was found delinquent for the offenses.

[¶ 16] Woodrow contends on appeal that the State intentionally delayed prosecution of the charges to avoid juvenile court jurisdiction; however, Woodrow has not proffered any evidence showing the State intentionally delayed prosecution, nor did the district court make findings of intentional delay. Rather, Woodrow argues the State failed to advise the court or "merely acquiesce[d]" to the juvenile court's prior erroneous transfer decision, which resulted in the reversal in *M.W. I,* 2009 ND 55, 764 N.W.2d 185. To the contrary, the record shows the State properly pursued charges first in the juvenile court, attempting to transfer the charges to the district court, and then filed charges in the district court once the juvenile court lost jurisdiction without having adjudicated the charges on the merits. During the motion hearing in the district court, the parties conceded that the facts were undisputed and the jurisdiction issue was "purely legal" in nature. To the extent that Woodrow suggests that the State's failure to object to the juvenile court's prior erroneous transfer rulings in the initial proceedings constitutes an "intentional delay," we reject Woodrow's argument as a matter of law.

[¶ 17] Woodrow also contends the district court did not err in dismissing counts 1, 2, and 3 for lack of jurisdiction because only the juvenile court's January 6, 2009, order transferring counts 4 and 5 to the district court was appealed and found void in *M.W. II,* 2010 ND 135, 785 N.W.2d 211, while the juvenile court's January 6, 2009, order denying transfer of counts 1, 2, and 3 was not appealed. Woodrow argues the order denying transfer was thus a final order and is res judicata even if the juvenile court did not have jurisdiction. Nonetheless, regardless of whether the juvenile court's order denying transfer of counts 1, 2, and 3 was appealed, the district court's jurisdiction in this case is governed by N.D.C.C. § 27–20–34(8).

Here, the unappealed order did not adjudicate Woodrow for the offenses and was entered by the juvenile court after it had lost jurisdiction and would also be void. We reject Woodrow's assertion that res judicata limits the district court's jurisdiction in this case.

[¶ 18] We conclude that N.D.C.C. § 27–20–34(8) applies, the State has met the statutory requirements, and the district court has jurisdiction over the charges. We therefore reverse the district court's order granting Woodrow's motion to dismiss five counts of gross sexual imposition.

### III

[¶ 19] We have considered the remaining arguments and consider them to be without merit or unnecessary to our decision. We reverse the order of dismissal and remand for further proceedings.

[¶ 20] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.