Filed 6/30/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1998 ND 132

Laura Rae Albrecht, Plaintiff and Appellant

v.

Metro Area Ambulance and

Kent Hummel, Defendants and Appellees

Civil No. 970319

Appeal from the District Court for Morton County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

JUDGMENT VACATED AND APPEAL DISMISSED.

Opinion of the Court by Maring, Justice.

Laura Rae Albrecht (argued), pro se, 1212 10th Avenue S.E., Mandan, N.D. 58554, for plaintiff and appellant.

Tracy Vigness Kolb (argued) and Lance D. Schreiner (appeared), of Zuger Kirmis & Smith, P.O. Box 1695, Bismarck, N.D. 58502-1695, for defendants and appellees.

Albrecht v. Metro Area Ambulance and Kent Hummel

Civil No. 970319

Maring, Justice.

[¶1] Laura Rae Albrecht appeals the district court’s judgment dismissing her negligence action with prejudice against Metro Area Ambulance and Kent Hummel.  We conclude the district court did not have proper jurisdiction over the matter at the time it rendered judgment.  We, therefore, vacate the district court’s September 23, 1997, judgment of dismissal and dismiss Albrecht’s appeal.

I

[¶2] In September of 1995, Laura R. Albrecht acting pro se filed a negligence claim against Metro Area Ambulance and Kent Hummel in small claims court.  The claim was subsequently removed to district court, and Metro Area Ambulance filed a counterclaim against Albrecht for services provided.  Before Albrecht answered the counterclaim, Metro Area Ambulance voluntarily dismissed its counterclaim pursuant to Rule 41(a)(1)(i), N.D.R.Civ.P., and commenced a separate action against Albrecht.

[¶3] In February 1996, Albrecht apparently retained attorney Steven Latham to represent her in this matter.  In January 1997, the district court informed the parties that it would dismiss Albrecht’s claim on its own motion unless requested to do otherwise prior to February 6, 1997.  Albrecht wrote a letter dated February 3, 1997, to the district court indicating her intent to pursue her claim, and the district court scheduled a trial to be held on March 17, 1997.  Albrecht then requested that the court reschedule the trial date stating she was not fully prepared and lacked legal counsel.  The district court granted Albrecht’s request to reschedule.

[¶4] On February 24, 1997, Albrecht wrote another letter to the district court requesting her case be dismissed without prejudice.  In a response dated March 4, 1997, defendants opposed Albrecht’s motion to dismiss without prejudice, and argued, in the alternative, the court should impose costs if it granted Albrecht’s motion.  The record indicates, however, the district court on its own motion signed an order on March 3, 1997, and filed it on March 13, 1997, dismissing Albrecht’s case without prejudice and without costs to either party stating the parties had so advised the court.  This order indicates copies were sent to both Albrecht and defendants’ counsel.

[¶5] On March 7, 1997, Albrecht’s attorney Latham made a motion to withdraw as Albrecht’s counsel.  Approximately five days later, on March 12, 1997, the district court granted the motion and allowed Latham to withdraw as counsel of record in the matter.
(footnote: 0)
[¶6] Apparently in June of 1997, for some reason not evidenced by the record, the district court set the matter for trial on September 9, 1997.  Defendants filed a motion in limine and a trial brief and brief in support of the motion in limine dated August 28, 1997.  Approximately four days before the trial date, defendants’ counsel received a letter addressed to the court from Albrecht requesting another continuance.  Defendants then filed a response opposing Albrecht’s motion for continuance.

[¶7] On September 9, 1997, Albrecht, appearing on her own behalf, tried her case to the court.  The district court found the evidence fell short of establishing any negligence on the part of the defendants.  In its order dated September 12, 1997, the district court dismissed Albrecht’s complaint and ordered judgment be entered in favor of the defendants with costs assessed against Albrecht.  A judgment of dismissal with prejudice was duly entered on September 23, 1997.

[¶8] On October 4, 1997, Albrecht wrote a letter to the district court “notifying the courts of [her] intent to appeal the decision made on [her] case” and “asking for an extension in time to file [her] appeal.”  This letter was treated as her notice of appeal to this Court.  Although Albrecht, acting pro se, did file briefs on appeal, she did not file a transcript of the proceedings.

II

[¶9] We have stated that “it is our duty to dismiss an appeal if we conclude that the attempted appeal fails for lack of jurisdiction.”  
Bye v. Federal Land Bank Ass
’
n of Grand Forks
, 422 N.W.2d 397, 399 (N.D. 1988).  In determining whether this Court has jurisdiction, we also examine whether the district court properly had jurisdiction over the matter and may consider the issue sua sponte.  
See, e.g.
, 
Cordie v. Tank
, 538 N.W.2d 214, 217 (N.D. 1995); 
Larson v. Dunn
, 474 N.W.2d 34, 38 (N.D. 1991).

[¶10] For a court to issue a valid order or judgment, the court must have jurisdiction over both the subject-matter of the action and the parties.  
Larson
, 474 N.W.2d at 38.  Subject-matter jurisdiction is the court’s power to hear and determine the general subject involved in the action, while personal jurisdiction is the court’s power over a party.  
Id.
  Although a party may waive the right to object and voluntarily submit to the personal jurisdiction of the court, “subject-matter jurisdiction is derived from the constitution and the laws, and cannot be conferred by agreement, consent or waiver.”  
Cordie
, 538 N.W.2d at 217.

[¶11] For subject-matter jurisdiction to attach, “the particular issue to be determined must be properly brought before the court in the particular proceeding.”  
Reliable, Inc. v. Stutsman County Comm
’
n
, 409 N.W.2d 632, 634 (N.D. 1987).  The court may raise the absence of subject-matter jurisdiction at any stage of the proceedings.  
Cordie
, 538 N.W.2d at 217.  A judgment or 
order entered without the requisite jurisdiction is void.  
Larson
, 474 N.W.2d at 39.

[¶12] The record of this case reveals some procedural irregularity.  It is not evident why the district court set this matter for trial months after it had dismissed the case without prejudice.  Under Rule 41(a)(2), N.D.R.Civ.P., the court may, in its discretion and “upon such terms and conditions as [it] considers proper,” order dismissal of an action.  
See
 
Commonwealth Land Title Ins. Co. v. Pugh
, 555 N.W.2d 576 (N.D. 1996).  Here, the district court on its own motion ordered dismissal of the action without prejudice and without costs, which was filed with the court on March 13, 1997.  This order was filed after Albrecht requested the dismissal and defendants filed a response opposing dismissal.  Although on appeal defendants claimed at oral argument to have no knowledge of this dismissal, we conclude the order was still effective in dismissing the action without prejudice.
(footnote: 0)
[¶13] After a court enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court.  
Cf.
 
Kouba v. Febco, Inc.
, 543 N.W.2d 245, 248 (N.D. 1996) (stating plaintiff was not barred from bringing a 
subsequent
 action after the court ordered his claim dismissed without prejudice); 
Community Homes of Bismarck, Inc. v. Clooten
, 508 N.W.2d 364, 365 (N.D. 1993) (holding an order of dismissal without prejudice is not appealable because either side may commence 
another
 action); 
see generally
 24 Am. Jur. 2d 
Dismissal
 § 71 (1983 & Supp. 1998).  The court’s order dismissing this action ended the action, and thereafter the court was without jurisdiction to render any judgment either for or against the plaintiff other than to enter a judgment of dismissal without prejudice.  
See
 
Love v. Anderson
, 61 N.W.2d 419, 421 (Minn. 1953); 24 Am. Jur. 2d 
Dismissal
 § 71.  Although there is precedent stating a court may consider collateral issues, such as costs and attorney’s fees, after an action is no longer pending, 
see, e.g.
, 
Cooter & Gell v. Hartmarx Corp.
, 496 U.S. 384, 395 (1990), the proceedings subsequent to the order of dismissal in this case were not collateral in nature.

¶14] In this case, the bench trial and subsequent judgment of dismissal, which occurred several months after the court’s order of dismissal without prejudice, did not primarily involve the consideration of collateral issues, but rather involved an adjudication on the merits.  The court, however, never had subject-

matter jurisdiction because the issues were not properly before it.

[¶15] Once the order dismissing the action was entered, there was no action pending before the court until jurisdiction of the court was invoked by motion of a party or commencement of another action.  In this case, neither party ever moved under Rule 60(b), N.D.R.Civ.P., for relief from the order nor did Albrecht bring another action.

[¶16] We conclude the district court lacked jurisdiction to proceed with a bench trial after dismissing the case without prejudice in March 1997.

III

[¶17] We thus determine the subsequent judgment rendered by the district court on September 23, 1997, is void.  We vacate the September 23, 1997, judgment entered by the court against Albrecht because the district court did not have proper jurisdiction after filing its March 1997 order dismissing this action without prejudice.  We dismiss this appeal because there is not a valid final judgment from which Albrecht may appeal.

[¶18] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Herbert L. Meschke

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:
スロå  スロ
Rule 11.2(a), N.D.R.O.C., states, “[a]n attorney may withdraw his appearance for a party only upon leave of the court after giving reasonable notice of the time and place of the presentation of the motion for leave to withdraw . . . .”  Albrecht’s attorney’s notice of motion recited the motion was brought under Rule 3.2, N.D.R.O.C., giving Albrecht ten days after service of the motion to serve and file a response.  Nevertheless, five days after the motion was served and before Albrecht even responded, the court granted the motion.  We note this procedure was not in compliance with Rule 3.2, N.D.R.O.C.

0:     
We have generally stated that the effects of failure to give notice of entry of any order include extension of the time periods, both for relief from an order under Rule 60(b), N.D.R.Civ.P., and for appeal under Rule 4(a), N.D.R.App.P.  
See
 
Matter of Estate of Kjorvestad
, 375 N.W.2d 160, 167 (N.D. 1985); 
see also
 
Gierke v. Gierke
, 1998 ND 100, ¶7 (stating “actual knowledge of entry of a judgment or order commences the running of the time for appeal where the actual knowledge is clearly evidenced in the record”). Although section 27-05-28, N.D.C.C., permits the court on its own to vacate or modify its order if notice has not been given to the parties, that did not occur in this case.