1998 ND APP 10

Rita L. ANSETH, Plaintiff
and Appellant,

v.

DUPONT COMPANY, Defendant
and Appellee.

Civil No. 980118CA.

Court of Appeals of North Dakota.

Oct. 20, 1998.

LeRoy P. Anseth, of Anseth Johnson Law Firm, Williston, for plaintiff and appellant. Submitted on brief.

H. Malcolm Pippin (argued), of Nilles Hansen & Davies, Williston, for defendant and appellee.

PER CURIAM.

[¶ 1] Rita L. Anseth appealed from a district court judgment dismissing without prejudice her action against Dupont Company. Because an appeal from a dismissal without prejudice is not authorized by law, we dismiss Anseth's appeal.

[¶ 2] In September 1995, Anseth filed a consumer complaint about her Corian countertops with Dupont's Corian warranty department in Chicago, Illinois. Dupont's Chicago warranty department denied Anseth's warranty claim. In October 1995, Anseth mailed a summons and complaint by certified mail to "Dupont Company, P.O. Box 80702, Wilmington, Delaware 19880–0702." In November 1995, Anseth received a return receipt signed by "W. Robert." Dupont did not answer the complaint, and Anseth obtained a default judgment in November 1995. A notice of entry of judgment was mailed to Dupont at the same address as the complaint.

[¶ 3] According to Dupont, "W. Robert" was a Dupont truck driver, and Dupont's legal department did not learn about the lawsuit until August 1997, when Anseth's attorney sent it a facsimile of the default judgment. Dupont then moved to vacate the default judgment, contending Dupont had not been properly served with process under N.D.R.Civ.P. 4. The trial court vacated the default judgment, ruling Anseth's service of process on Dupont failed to meet the requirements of N.D.R.Civ.P. 4. In February 1998, Anseth moved for reconsideration under N.D.R.Civ.P. 60. The trial court denied An-

seth's motion, and a judgment dismissing her action without prejudice was entered. Anseth appealed from the judgment dismissing her action without prejudice.

[¶ 4] On appeal, Anseth argues the trial court erred in ruling she did not properly serve Dupont. We need not address this issue, however, because the right to appeal is jurisdictional and may be considered sua sponte by an appellate court. *E.g., Community Homes of Bismarck, Inc. v. Clooten,* 508 N.W.2d 364, 365 (N.D.1993). An appellate court must dismiss an attempted appeal that fails for lack of jurisdiction. *E.g., Albrecht v. Metro Area Ambulance,* 1998 ND 132, ¶ 9, 580 N.W.2d 583. A dismissal without preju-

dice is not appealable. *Clooten,* 508 N.W.2d at 365; *Runck v. Brakke,* 421 N.W.2d 487, 488 (N.D.1988).

[¶ 5] We therefore dismiss Anseth's appeal.[1]

[¶ 6] ERICKSON and HAGERTY, District Judges, and WILLIAM F. HODNY, Surrogate Judge, concur.

---

1. The North Dakota Supreme Court recently held service of process by certified mail addressed to a foreign corporation's office and not addressed to the appropriate officer, director, or someone otherwise in a position of management within the corporation did not comply with the service of process requirements of N.D.R.Civ.P. 4(d). *Eggl v. Fleetguard, Inc.,* 1998 ND 166, ¶ 8, 583 N.W.2d 812. Although we dismiss Anseth's appeal, we note *Eggl* is dispositive of her service-of-process argument.