2010 ND 135

**In the Interest of M.W., a child.**

**Divide County Sheriff's Department, by Lauren Throntveit, Petitioner and Appellee**

v.

**M.W., a child, T.F., mother, and C.W., father, Respondents and Appellants.**

No. 20100047.

Supreme Court of North Dakota.

July 13, 2010.

Elizabeth Ledgerwood Pendlay (argued), State's Attorney, and Michel W. Stefonowicz (appeared), Crosby, N.D., for petitioner and appellee.

Tom P. Slorby, Minot, N.D., for respondents and appellants.

MARING, Justice.

[¶ 1] M.W. appeals from a juvenile court order entered after remand, transferring jurisdiction of two counts of gross sexual imposition to the district court. Because we conclude the juvenile court lacked jurisdiction over the matter at the time it entered its transfer order, we vacate the court's order.

I

[¶ 2] In December 2007, the State filed a summons and amended petition alleging M.W. committed five counts of gross sexual imposition. The juvenile court subsequently entered an order transferring jurisdiction for all five counts to the district court, from which M.W. appealed. *In Interest of M.W.*, 2009 ND 55, ¶¶ 6–13, 764 N.W.2d 185, this Court interpreted the transfer provision found in N.D.C.C. § 27–20–34(1)(b) and concluded the juvenile court erred in transferring the five counts of gross sexual imposition under that provision. We reversed the juvenile court order and remanded for further proceedings under N.D.C.C. § 27–20–34(1)(c). *Id.* at ¶¶ 1, 13. On remand, the State submitted a second request for transfer of jurisdiction, alleging the elements of a discretionary transfer under N.D.C.C. § 27–20–34(1)(c), based on this Court's prior decision.

[¶ 3] In August 2009, the juvenile court held a transfer hearing on remand. On January 3, 2010, before the court issued a decision, M.W. turned 20 years old. In orders dated January 6, 2010, and filed January 7, 2010, the juvenile court transferred jurisdiction to the district court under N.D.C.C. § 27–20–34(1)(c) for only counts four and five of the amended petition. In a separate order, the court denied transferring the first three counts. M.W. appealed the juvenile court's order transferring counts four and five to the district court. In February 2010, the State moved this Court to dismiss M.W.'s appeal on the ground of mootness.

II

[¶ 4] The dispositive issue on appeal is whether the juvenile court retained jurisdiction to enter an order transferring jurisdiction to the district court under N.D.C.C. ch. 27–20.

[¶ 5] To issue a valid order or judgment, a court must have both subject matter and personal jurisdiction. *See Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157; *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action, while personal jurisdiction is the court's

power over a party." *Albrecht*, at ¶ 10. While a party may waive the right to object and voluntarily submit to the court's personal jurisdiction, *Albrecht*, at ¶ 10, " '[i]ssues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time.' " *Trottier*, 2001 ND 177, ¶ 5, 635 N.W.2d 157 (quoting *Earnest v. Garcia*, 1999 ND 196, ¶ 7, 601 N.W.2d 260). Further, "[a]n order entered by a court without proper jurisdiction is void and can be vacated." *Wilson v. Koppy*, 2002 ND 179, ¶ 6, 653 N.W.2d 68.

[¶ 6] The parameters of a juvenile court's jurisdiction are set forth in N.D.C.C. § 27–20–03(1), which states in relevant part: "The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by [N.D.C.C. ch. 27–20]: a. Proceedings in which a child is alleged to be delinquent, unruly, or deprived; . . . ." Further, a " '[c]hild' means an individual who is . . . [u]nder the age of twenty years with respect to a delinquent act committed while under the age of eighteen years." N.D.C.C. § 27–20–02(4)(b). Under N.D.C.C. § 27–20–36(6), "when the child attains the age of twenty years, all orders affecting the child then in force terminate and the child is discharged from further obligation or control." Section 27–20–37(1)(b), N.D.C.C., provides that "[a]n order of the court must be set aside if: . . . [t]he court lacked jurisdiction over a necessary party or of the subject matter."

[¶ 7] Here, it is undisputed that M.W. was 20 years old at the time the juvenile court entered its order transferring counts four and five of the amended petition to the district court, and he was under 18 at the time of the alleged delinquent act. Once M.W. turned 20 years old, the juvenile court lacked jurisdiction under N.D.C.C. ch. 27–20 to enter a valid order regarding M.W. The juvenile court's order transferring counts four and five to the district court, therefore, is void. As such, we vacate the juvenile court's order. Because this Court does not render advisory opinions, we do not address any of the issues raised by the parties in the appeal from the void transfer order. *See Saville v. Ude*, 2009 ND 211, ¶ 24, 776 N.W.2d 31; *Bies v. Obregon*, 1997 ND 18, ¶ 9, 558 N.W.2d 855 (and cases cited therein).

III

[¶ 8] The juvenile court order is vacated.

[¶ 9] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.