Filed 4/4/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 55

State of North Dakota, Plaintiff and Appellee

v.

Michael Stafford Farrell, Jr., Defendant and Appellant

No. 20120338

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Joel D. Medd, Judge.

REVERSED.

Opinion of the Court by Sandstrom, Justice.

Douglas G. Manbeck, State’s Attorney, 320 West Third Street, P.O. Box 533, Lakota, N.D. 58344-0533, for plaintiff and appellee; submitted on brief.

Michael S. Farrell, Jr., self-represented, P.O. Box 7000, Carson City, Nevada 89702, defendant and appellant; submitted on brief.

State v. Farrell

No. 20120338

Sandstrom, Justice.

[¶1] Michael Farrell appeals a district court civil judgment of $400 in unpaid fines and fees.  We conclude the trial court judgment for costs and fees should not have been entered, and we reverse.

I

[¶2] On May 11, 1993, Farrell pled guilty to criminal trespass and criminal mischief and was ordered to pay fines, restitution, and fees.  On May 18, 1994, the district court issued a bench warrant for failure to pay $1,351.88 in fines and costs.

[¶3] On July 30, 2012, Farrell, in writing, requested from the district court under the Interstate Agreement on Detainers Act a final disposition on any and all charges.  Apparently in response to Farrell’s letter, the State, on August 9, moved to dismiss a separate pending simple assault charge because Farrell was incarcerated in Utah and the case was too old to warrant prosecution.  On August 21, the district court granted the State’s motion to dismiss the simple assault charge.  On the same day, the district court ordered a civil judgment totaling $400 be docketed against Farrell for unpaid fines and costs.  The civil judgment was mailed, and on September 4, Farrell appealed to this Court.  On December 31, the State moved to “satisfy the judgment,” acknowledging that under N.D.C.C. § 29-26-22.1, a criminal judgment that imposes fines and fees may be docketed as a civil judgment only within 10 years of the criminal judgment.  The district court granted the State’s motion and ordered the civil judgment satisfied on January 3, 2013.

[¶4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Farrell’s appeal is timely under N.D.R.App.P. 4(a).  We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶5] On appeal, Farrell argues his rights were violated under the Interstate Agreement on Detainers Act because he was not brought to court to be sentenced or informed of his charge.  Apparently the charge to which Farrell refers is the civil judgment.  Farrell seeks dismissal of his criminal trespass and criminal mischief charges as well as compensation of $500 per week beginning July 30, 2012.

[¶6] The district court judgment was entered beyond the ten years permitted by law.  Section 29-26-22.1, N.D.C.C., provides, in part:

The court may, within ten years of the date of entry of a judgment that imposes a fine or assesses costs against a defendant, order the judgment to be docketed by the clerk of court in the judgment docket maintained pursuant to section 28-20-13 in the same manner in which a civil judgment for money is docketed.  The docketing of the judgment has the same effect as the docketing of a civil judgment.

[¶7] Farrell was sentenced in May 1993, and the district court did not order the civil judgment docketed until August 2012, well beyond the ten-year statutory limitation.  The State concedes the district court docketed the civil judgment more than ten years after Farrell’s criminal trespass and criminal mischief convictions, and the judgment is thus unenforceable.  After Farrell’s appeal was filed, the State moved the district court to “satisfy the judgment,” and the district court ordered that the “judgment be satisfied.”

[¶8] Generally, a satisfaction on the record extinguishes a claim, and the controversy is deemed ended, leaving an appellate court with nothing to review.  
Nodak Mutual Insurance Co. v. Stegman
, 2002 ND 113, ¶ 7, 647 N.W.2d 133.  Although the State’s motion to the district court was labeled as a “motion to satisfy judgment” and the court ordered the “judgment be satisfied,” there was not a satisfaction of judgment under our statutes.  
See
 N.D.C.C. §§ 28-20-24 through 28-

20-29.  The intent may have been to vacate the judgment, but because of the appeal, the district court lacked jurisdiction to enter the January 3, 2013, order.  
See
 N.D.C.C. §§ 28-27-01 and 28-27-24.

[¶9] We conclude the district court’s civil judgment should not have been entered, and we reverse.

[¶10] The remainder of Farrell’s arguments and requests for relief are not appropriately before this Court.  Apparently because of the entry of the 2012 civil judgment, Farrell requests under the Interstate Agreement on Detainers Act to have his 1993 criminal trespass and criminal mischief judgments dismissed and to receive compensation of $500 per week beginning July 30, 2012.  Chapter 29-34, N.D.C.C., the Interstate Agreement on Detainers Act, however, provides no relief under the Act by dismissing criminal judgments entered before the request for disposition of charges, nor does it make available monetary relief.

III

[¶11] We reverse the district court civil judgment for costs and fees.

[¶12] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.