2015 ND 69

**Chelsi LAVALLIE, Plaintiff**

v.

**Curtis LAVALLIE, Defendant and Appellant**

and

**State of North Dakota, Statutory Real Party In Interest and Appellee.**

No. 20140306.

Supreme Court of North Dakota.

March 24, 2015.

Curtis Lavallie, self-represented, Bismarck, N.D., defendant and appellant; submitted on brief.

Ashley M. Samuelson, Special Assistant Attorney General, Devils Lake, N.D., for statutory real party in interest and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶1] Curtis Lavallie appealed from an order denying his motion to dismiss a proceeding involving his child support obligation. We conclude the district court had jurisdiction to determine his child support obligation, and we affirm.

I

[¶2] In September 2010, Chelsi Lavallie and the State of North Dakota as a statutory party in interest sued Curtis Lavallie for child support, alleging he was the natural father of a minor child born to Chelsi Lavallie in 2010, he was currently incarcerated in Bismarck, conception of the child occurred in North Dakota and the State obtained personal jurisdiction over him under N.D.C.C. §§ 14–20–39 and 14–12.2–04, Chelsi Lavallie and the child lived in Rolette County, and Chelsi Lavallie assigned her right to the State to recover for benefits paid by the State for the child. The State sought to impose a future child support obligation on Curtis Lavallie and also to recover a judgment for support expended to Chelsi Lavallie on behalf of the child. The summons and complaint were personally served on Curtis Lavallie at the state penitentiary in Burleigh County. He requested a hearing, stating he "would like to dispute the claim" he was the child's father. A notice of hearing was served on Curtis Lavallie, which stated he could appear by telephone at a hearing in Rolette County scheduled for December 9, 2010, and provided him with instructions for appearing by telephone.

[¶3] At the hearing, a judicial referee stated the court recorder had called the prison and was informed Curtis Lavallie had not made arrangements to appear by telephone and "because of some problem down there, he is not able to be removed from the cell." Curtis Lavallie did not appear personally or by telephone at the hearing, but the referee acknowledged he had raised a paternity issue and initially heard evidence regarding paternity. Chelsi Lavallie testified about her marriage to Curtis Lavallie in 2008, the child's birth in 2010, their home on the Turtle Mountain Reservation, and Curtis Lavallie's current incarceration for robbery. In response to questions from the referee, Chelsi Lavallie stated she and Curtis Lavallie were both tribal members of Turtle Mountain, her home was on the reservation, conception occurred on the reservation, the child was born during the marriage, Curtis Lavallie was no longer claiming he was not the child's father, they were divorced in a tribal court order acknowledging him as the father of the child, and she was awarded full custody of the child in the tribal court divorce action.

[¶4] After the hearing, the referee entered a January 24, 2011 judgment stating the court had subject-matter jurisdiction over the action and personal jurisdiction over the parties, Curtis and Chelsi Lavallie were married and the child was conceived and born during their marriage, and Curtis Lavallie was the legal father of the child and has an obligation to provide financial support for the child. The judgment said Curtis Lavallie was incarcerated and underemployed and required him to pay $266 per month in child support based upon his imputed net monthly income of $1,069. The court also ordered a money judgment of $2,394 against Curtis Lavallie to reimburse the State for past support

provided to Chelsi Lavallie for the child from April 2010 through December 2010. A notice of entry of judgment was served by mail on Curtis Lavallie on January 26, 2011, and he did not appeal from that judgment.

[¶ 5] In May 2014, on motion by the State, the district court reduced Curtis Lavallie's child support obligation to $28 per month during his incarceration. Curtis Lavallie then moved to "take [his] rights back as a sovereign individual" and to dismiss the "child support procurement" proceeding, asserting the state district court lacked personal and subject-matter jurisdiction. He claimed that although he was temporarily confined in the state penitentiary, he has always been an enrolled member of the Turtle Mountain Band of Chippewa Indians; that Chelsi Lavallie is an enrolled permanent resident of the Turtle Mountain Band of Chippewa Indians and resides on the reservation with the child; and that the child was conceived and born on the reservation. The State, as a statutory real party in interest, resisted Curtis Lavallie's motion to dismiss, asserting the state court had concurrent jurisdiction to adjudicate child support under *Rolette Cnty. Soc. Serv. Bd. v. B.E.*, 2005 ND 101, 697 N.W.2d 333. The district court denied Curtis Lavallie's motion to dismiss, ruling the state and tribal courts had concurrent jurisdiction to determine Curtis Lavallie's child support obligation. The court subsequently denied Curtis Lavallie's amended motion to dismiss the child support proceeding.

II

[¶ 6] Lavallie primarily argues the district court lacked subject-matter jurisdiction over the child support proceeding because the conduct precipitating the action for both paternity and for child support occurred solely on the Turtle Moun-

tain Indian Reservation. The State responds the district court did not err in deciding it had subject-matter jurisdiction to issue a child support order because paternity was not at issue in this case, no other child support order existed, the State had expended benefits for the child, and Curtis Lavallie resided within the state and had significant off-reservation contact with the State. The State argues that when paternity is not contested and only child support is an issue for a potential obligor who does not reside on the reservation when the action is commenced, state courts have concurrent subject-matter jurisdiction with tribal courts to determine child support obligations under *Rolette Cnty.*, 2005 ND 101, 697 N.W.2d 333.

[¶ 7] A judgment entered without personal or subject-matter jurisdiction is void. *Rolette Cnty.*, 2005 ND 101, ¶ 6, 697 N.W.2d 333. Subject-matter jurisdiction cannot be waived and can be raised at any time in a proceeding. *Trottier v. Bird*, 2001 ND 177, ¶ 5, 635 N.W.2d 157. Challenges to jurisdiction are reviewed de novo when jurisdictional facts are not disputed. *Rolette Cnty.*, at ¶ 6. When jurisdictional facts are disputed, however, a district court's decision on subject-matter jurisdiction involves findings of facts and conclusions of law. *Schirado v. Foote*, 2010 ND 136, ¶ 7, 785 N.W.2d 235. If the underlying facts are disputed, a court is presented with a mixed question of law and fact and this Court reviews the question of law de novo and the findings of fact under the clearly erroneous standard. *Id.*

[¶ 8] In actions between Indians for conduct on a reservation, considerations of tribal sovereignty and the federal interest in promoting Indian self-governance and autonomy arise if there is an available tribal court forum. *McKenzie County Soc. Servs. Bd. v. V.G.*, 392 N.W.2d 399, 402 (N.D.1986). Under the infringe-

ment test announced by the United States Supreme Court in *Williams v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959), state court jurisdiction over certain claims is not allowed if that jurisdiction would "undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves."

[¶ 9] In *Rolette Cnty.,* 2005 ND 101, ¶ 12, 697 N.W.2d 333, a majority of this Court held that "tribal courts and state courts have concurrent subject-matter jurisdiction to determine a support obligation against an enrolled Indian, where parentage is not at issue and the defendant is not residing on the Indian reservation when the action is commenced." The *Rolette Cnty.* majority distinguished prior cases involving paternity determinations, because paternity determinations are intimately connected with the right of reservation Indians to make their own laws and to be ruled by them. *Id.* at ¶¶ 7–10 (citing *McKenzie Cnty. Soc. Serv. Bd. v. C.G.,* 2001 ND 151, ¶¶ 15–18, 633 N.W.2d 157 and *In Interest of M.L.M.,* 529 N.W.2d 184, 186 (N.D.1995)). The *Rolette Cnty.* majority explained the action in that case to establish only a support obligation was against the biological mother residing outside the reservation boundaries when the action was brought, whereas the prior paternity cases involved putative fathers residing on the Indian reservation when the action was brought. *Rolette Cnty.,* at ¶¶ 9–10. The majority concluded the state court's determination of the parent's support obligation in that case would not unduly infringe tribal rights of self-governance. *Id.* at ¶ 10. A dissent concluded the majority's decision interfered with tribal self-government. *Id.* at ¶ 20 (Vande-Walle, Chief Justice, dissenting).

[¶ 10] Chelsi Lavallie testified at the December 9, 2010 hearing that Curtis La-

vallie was the legal father of the child conceived and born on the reservation during the course of the parties' marriage. There was also evidence Curtis Lavallie was incarcerated when the action was commenced and was not then living on the reservation. Chelsi Lavallie testified at the hearing that the State had provided her medical assistance and other benefits for the child and that there was no order for support in the parties' recent tribal court divorce. She also testified Curtis Lavallie was no longer claiming he was not the child's father. On appeal, Curtis Lavallie argues conception and the conduct creating the cause of action occurred on the reservation, and he has not disputed his paternity of the child. On this record we conclude the district court had subject-matter jurisdiction to determine Curtis Lavallie's child support obligation under *Rolette Cnty.,* 2005 ND 101, ¶ 12, 697 N.W.2d 333.

### III

[¶ 11] We have considered Curtis Lavallie's remaining issues and arguments, and we conclude they are either unnecessary for our decision or without merit. We affirm the order.

[¶ 12] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.