2017 ND 33

GEM RAZORBACK, LLC, Plaintiff and Appellant

v.

ZENERGY, INC., Defendant and Appellee

No. 20160170

Supreme Court of North Dakota.

Filed 2/21/2017

Joshua A. Swanson, P.O. Box 1389, Fargo, N.D. 58107–1389, for plaintiff and appellant.

Danielle M. Krause (argued) and Lawrence Bender (on brief), 1133 College Drive, Suite 1000, Bismarck, N.D. 58501, for defendant and appellee.

VandeWalle, Chief Justice.

[¶ 1] GEM Razorback, LLC appealed from a judgment dismissing its declaratory judgment action because GEM failed to exhaust administrative remedies, and dismissing its claim for specific performance because GEM could not establish that it was a third-party beneficiary of a contract. We affirm.

## I

[¶ 2] GEM and Zenergy, Inc. owned working interests in two oil and gas wells located in McKenzie County. Zenergy operated the wells, but GEM had not consented to pay its share of the drilling and operating costs. GEM did not execute a joint operating agreement for the wells and consequently was assessed a risk penalty as a nonconsenting owner. See N.D.C.C. § 38–08–08(3); Gadeco, LLC v. Indus. Comm'n, 2012 ND 33, ¶¶ 4–6, 812 N.W.2d 405 (describing nonconsenting owners and risk penalties). In May 2013, GEM began requesting from Zenergy information and documents related to its interests in the wells. The information requested by GEM included the cumulative balance to payout for the wells and the costs, revenue and expenses, and production data for the wells. In September 2013, Zenergy provided GEM the cumulative balance to payout for the wells.

[¶ 3] In October 2013, Zenergy assigned its interest in the wells to Oasis Petroleum North America LLC. The assignment conveyed all assets, including "all files, records and data maintained by" Zenergy. After the assignment, GEM requested the same information from Oasis. Oasis provided Zenergy with the requested information. However, according to Oasis, some of the requested information for the time period before the assignment was not in its possession.

[¶ 4] Because of differences in the numbers provided by Zenergy and Oasis, GEM in May 2014 filed applications for hearing with the Industrial Commission. See N.D. Admin. Code § 43–02–03–88. The applications requested that the Commission determine the actual reasonable costs plus risk penalty for the two wells, and a hearing on the applications was held in September 2014. As a result of the hearing,

Oasis agreed to allow GEM to conduct an audit of the wells. The Commission dismissed the applications without prejudice, noting "[i]n the event of any dispute as to such costs, GEM intends to file an application for the Commission to determine the proper costs." During the ensuing audit process, GEM discovered there were documents it requested that were not in Oasis' possession for the time period before the assignment when Zenergy operated the wells. GEM contacted Zenergy and requested an extensive list of 39 specific types of information regarding the wells. Zenergy refused to provide GEM with the requested information.

[¶ 5] In April 2015, GEM commenced this declaratory judgment and specific performance action against Zenergy. GEM sought a declaration that "as a nonparticipating owner in the ... wells, they have a statutory right under Chapter 38–08, N.D.C.C., to the information for the ... wells that they have requested from [Zenergy], and that [Zenergy] is required to provide this information to [GEM]." GEM also sought specific performance of the assignment entered into by Zenergy and Oasis because GEM is "a third-party beneficiary" of the assignment and "has a right to receive, from Zenergy, those documents and information identified as 'Records' by" a provision in the assignment. GEM requested "an order compelling Zenergy to produce [those] documents and information."

[¶ 6] Zenergy moved to dismiss the action under N.D.R.Civ.P. 12(b)(1) and (6). Zenergy argued the district court lacked subject matter jurisdiction over the request for declaratory relief because GEM failed to exhaust its administrative remedies with the Commission before filing the complaint. Zenergy argued the claim for specific performance failed to state a claim upon which relief can be granted because a

provision of the assignment agreement specifically bars third-party beneficiary status. The court agreed with Zenergy's arguments and dismissed GEM's action.

## II

[¶ 7] GEM argues the district court erred in ruling it lacked subject matter jurisdiction to determine whether GEM had a statutory right to obtain the specified information from Zenergy because GEM did not exhaust its administrative remedies with the Commission.

[¶ 8] In Vogel v. Marathon Oil Co., 2016 ND 104, ¶ 7, 879 N.W.2d 471, we explained:

A claim may be dismissed for lack of subject-matter jurisdiction under N.D.R.Civ.P. 12(b)(1). Generally, dismissal for lack of subject matter jurisdiction is appropriate if the plaintiff failed to exhaust administrative remedies. Thompson v. Peterson, 546 N.W.2d 856, 861 (N.D.1996). A dismissal for lack of subject-matter jurisdiction will be reviewed de novo on appeal if the jurisdictional facts are not disputed. Id. at 860.

[¶ 9] In Brown v. State ex rel. State Bd. of Higher Educ., 2006 ND 60, ¶ 8, 711 N.W.2d 194, we further explained:

When appellate processes are available and the remedies will provide adequate relief, those remedies must be exhausted before seeking judicial remedies, unless exhaustion would be futile. Tracy v. Central Cass Pub. Sch. Dist., 1998 ND 12, ¶¶ 12–13, 574 N.W.2d 781. We have consistently required the exhaustion of remedies before the appropriate administrative agency as a prerequisite to making a claim in court. See Thompson v. Peterson, 546 N.W.2d 856, 861 (N.D.1996) (holding the failure to exhaust administrative remedies precluded a dismissed university professor from raising constitutional claims on ap-

peal). "Failure to exhaust administrative remedies generally precludes making a claim in court." Id.

[¶ 10] "The Act for the Control of Gas and Oil Resources, N.D.C.C. ch. 38–08, grants the Commission comprehensive powers to regulate oil and gas development in the state." Egeland v. Continental Res., Inc., 2000 ND 169, ¶ 11, 616 N.W.2d 861. Under N.D.C.C. § 38–08–04, the "commission has continuing jurisdiction and authority over all persons and property, public and private, necessary to enforce effectively the provisions of this chapter." Specifically, the Commission "has the power ... to require the production of records, books, and documents for examination at any hearing or investigation conducted by it." N.D.C.C. § 38–08–12(1). "In case of failure or refusal on the part of any person to comply with the subpoena issued by the commission, ... any court in the state, upon the application of the commission, may ... compel the person to comply with such subpoena ... and produce such records, books, and documents for examination." N.D.C.C. § 38–08–12(2).

[¶ 11] GEM appears to argue exhaustion of administrative remedies would be futile in this case because whether N.D.C.C. ch. 38–08 "gives GEM Razorback the right to the information is a question of statutory interpretation for the courts, not for the Industrial Commission." We reject this argument for two reasons.

[¶ 12] First, GEM's claim that the "Commission lacks the authority to interpret statutes" is simply incorrect. Administrative agencies routinely construe statutes under which they operate in the performance of administering those laws. See, e.g., HIT, Inc. v. N.D. Dep't of Human Servs., 2013 ND 51, ¶ 7, 828 N.W.2d 792 (courts give deference to an administrative agency's construction of a statute when that interpretation does not contradict clear and unambiguous statutory language); Zimmerman v. N.D. Workforce Safety and Ins. Fund, 2010 ND 42, ¶ 5, 779 N.W.2d 372 (same); State ex rel. Clayburgh v. Am. W. Cmty. Promotions, Inc., 2002 ND 98, ¶ 9, 645 N.W.2d 196 (administrative agency's interpretation of a statute is entitled to additional weight if the legislature reenacts the statute after a contemporaneous and continuous construction of the statute by the administrative agency); Slawson v. N.D. Indus. Comm'n, 339 N.W.2d 772, 774–78 (N.D.1983) (Industrial Commission's interpretation of statute to allow it to treat unleased mineral interests as cost free interests was question of law fully reviewable on appeal). The Commission is empowered to interpret statutes.

[¶ 13] Second, this case is not an equitable action for an accounting. See Schank v. N. Am. Royalties, Inc., 201 N.W.2d 419, 429 (N.D.1972) ("Upon discovery of oil and gas upon the premises, the producing cotenant must account to the nonconsenting or nonproducing cotenant for his pro rata share of the net profits apportioned according to the fractional interest of said cotenant."). Rather, this case is a declaratory judgment action that seeks to compel the production of 39 categories of records and documents, and mimics a N.D.R.Civ.P. 37 motion to compel discovery before an accounting action has been commenced. Assuming for purposes of argument that this is a proper use of the declaratory judgment statutes, but see Am. Linen Supply v. City of Las Cruces, 73 N.M. 30, 385 P.2d 359, 360 (1963) ("We do not perceive that declaratory judgment is the proper means nor was it intended to provide a manner of developing proof otherwise not available. It is not a substitute for our discovery procedures."), we conclude it is not appropriate under the circumstances of this case. As the district court noted:

The Court finds that the appropriate avenue for seeking relevant information and documents is through the powers vested to the Industrial Commission. The Industrial Commission has the ability to request any documents necessary from Oasis or Zenergy as to any underlying dispute regarding the ... wells. See N.D.C.C. §§ 38–08–04 and 38–08–12. As noted, the orders issued by the Industrial Commission dismissing the previous Applications make clear that GEM Razorback may again come before the Commission to seek the determination of costs, if such issues cannot be resolved through the audit process.... Such authority of the Commission to request relevant "records, books, and documents" is therefore still available to GEM Razorback for the determination of costs if the appropriate applications are filed with the Industrial Commission. See N.D.C.C. § 38–08–12.

Furthermore, an appeal of an administrative decision is an adequate legal remedy to contest the Commission's decisions. See Amerada Hess Corp. v. Furlong Oil and Minerals Co., 348 N.W.2d 913, 917 (N.D. 1984).

[¶ 14] We conclude the district court did not err in dismissing GEM's declaratory judgment action for failure to exhaust administrative remedies.

### III

[¶ 15] GEM also argues the district court erred in dismissing its claim that it is entitled to specific performance of the assignment agreement's provision conveying "all files, records and data maintained by" Zenergy, because GEM was a third-party beneficiary of Oasis and Zenergy's agreement.

[¶ 16] The district court applied N.D.R.Civ.P. 12(b)(6) standards to dismiss this claim for specific performance. In Mills v. City of Grand Forks, 2012 ND 56, ¶ 7, 813 N.W.2d 574, we explained:

"If, on a motion to dismiss under N.D.R.Civ.P. 12(b)(vi), matters outside the pleadings are presented to and not excluded by the district court, the motion is treated as a motion for summary judgment under N.D.R.Civ.P. 56." Zutz v. Kamrowski, 2010 ND 155, ¶ 8, 787 N.W.2d 286. Affidavits and exhibits were submitted to the district court in this case, and the court did not specifically exclude these materials. We therefore review this appeal under the standards for summary judgment, which "is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." Benz Farm, LLP v. Cavendish Farms, Inc., 2011 ND 184, ¶ 9, 803 N.W.2d 818.

Here, the parties submitted numerous documents to the court and the court did not specifically exclude these materials. We therefore review this issue under summary judgment standards.

[¶ 17] "To enforce a contract between two others, a third party must have been intended by the contracting parties to be benefitted by the contract." Apache Corp. v. MDU Res. Grp., Inc., 1999 ND 247, ¶ 10, 603 N.W.2d 891. The assignment agreement between Zenergy and Oasis provided:

Section 3.03 No Third Party Beneficiaries. Subject to Section 3.04, nothing in this Assignment shall provide any benefit to any third party or entitle any third party to any claim, cause of action, remedy or right of any kind, it being the intent of the parties hereto that this Assignment shall otherwise not be con-

strued as a third party beneficiary contract.

"The language of the contract governs its interpretation if the language is clear and explicit and does not involve an absurdity." Egeland, 2000 ND 169, ¶ 29, 616 N.W.2d 861. The assignment agreement clearly and explicitly declares there are no third-party beneficiaries to the agreement.

[¶ 18] Although GEM argues there is a genuine issue of material fact about the contracting parties' intentions regarding third-party beneficiaries and it should have been allowed a reasonable opportunity to present evidence on the issue, parol evidence generally cannot be used to contradict the terms of a written contract. See, e.g., Golden Eye Res., LLC v. Ganske, 2014 ND 179, ¶ 17, 853 N.W.2d 544. "The parol evidence rule applies only to parties to a contract, and such rule has no application to a third person who is not a party to the contract or who is not attempting to [en]force rights [under the contract]." Zimmer v. Bellon, 153 N.W.2d 757, 759 Syll. 8 (N.D.1967) (emphasis added). Here, GEM is seeking third-party beneficiary status to enforce the provision of the agreement assigning assets consisting of "files, records and data maintained" by Zenergy. Therefore, the parol evidence rule applies and GEM could not introduce extrinsic evidence to contradict the contracting parties' written provision that there are no third-party beneficiaries to the agreement. There is no genuine issue of material fact precluding summary judgment in this case.

[¶ 19] We conclude the district court did not err in dismissing GEM's specific performance action as a matter of law.

## IV

[¶ 20] We do not address other arguments raised because they either are un-necessary to the decision or are without merit. The judgment is affirmed.

[¶ 21] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom, S.J.

Daniel J. Crothers

Lisa Fair McEvers

Benny A. Graff, S.J.

[¶ 22] The Honorable Benny A. Graff, S.J., sitting in place of Kapsner, J., disqualified.

[¶ 23] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.