Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 10

Continental Resources, Inc., Plaintiff and Appellee

v.

Counce Energy BC #1, LLC, Defendant and Appellant

No. 20170066

Appeal from the District Court of Billings County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

JUDGMENT VACATED.

Opinion of the Court by Tufte, Justice.

Donald T. Campbell (argued), Minneapolis, Minnesota, and Robin W. Forward (on brief), Bismarck, North Dakota, for plaintiff and appellee.

David J. Smith (argued) and Tyler J. Malm (on brief), Bismarck, North Dakota, for defendant and appellant.

Continental Resources, Inc. v. Counce Energy BC #1, LLC

No. 20170066

Tufte, Justice.

[¶1] Counce Energy BC #1, LLC, appeals from a judgment entered on a jury verdict awarding Continental Resources, Inc., $153,666.50 plus costs and disbursements for breaching its contract with Continental by failing to pay its share of expenses to drill an oil and gas well, and dismissing with prejudice Counce’s counterclaims.  Because the district court lacked subject matter jurisdiction over Continental’s breach of contract action and Counce’s counterclaims, we vacate the judgment.

I

[¶2] In December 2011, the Industrial Commission issued a pooling order for a spacing unit in Billings County.  Counce, a non-operating working interest owner, elected to participate in Continental’s drilling of the oil and gas well.  
See generally
 
Gadeco, LLC v. Indus. Comm’n
, 2012 ND 33, ¶¶ 4-7, 812 N.W.2d 405 (background discussion of participating interest owners, nonparticipating interest owners, and risk penalties).  By electing to participate, Counce agreed to pay its proportionate share of Continental’s “reasonable actual cost” for drilling the Billings County well, plus a reasonable charge for supervision.  N.D.C.C. § 38-08-08(2).  Once work began, Continental sent monthly billing packets which included the invoices for drilling expenses and expenditure details.  As of May 2012, Counce paid all of the billing statements it had received from Continental, but the amounts Counce paid had exceeded its share of the estimated total costs listed in the AFE (authority for expenditure) in the invitation to participate.  In June 2012, Counce stopped paying for its billed share of the drilling costs.

[¶3] In May 2013, Continental filed an oil and gas production lien under N.D.C.C. § 38-08-10 against Counce’s share of the well’s production, claiming it was owed $180,419.12 for unpaid expenses of operating the well.  In September 2013, Continental sued Counce to foreclose the lien.  Counce answered and counterclaimed, alleging in part that the overages charged to it “do not reflect the reasonable actual costs of drilling and operating” the well.  While the lien foreclosure action was pending, Continental conducted a regular internal audit of the well and discovered some of its invoices were incorrectly charged to the well.  Continental corrected the error and credited Counce $23,573.23.  Continental also released its lien, paid all withheld production revenue to Counce, and dropped the foreclosure action.

[¶4] In March 2014, Continental amended its complaint against Counce to recover $160,089.02 based on theories of breach of contract, account stated, and unjust enrichment.  Counce again raised its defenses and counterclaims, alleging unjust enrichment, fraud, breach of fiduciary duty, and abuse of process.  In a series of pretrial rulings, the district court determined it had subject matter jurisdiction over Continental’s lawsuit, but did not have subject matter jurisdiction over Counce’s “reasonable actual cost” claim because that issue was within the Industrial Commission’s exclusive jurisdiction under N.D.C.C. § 38-08-08(2) and Counce had failed to exhaust its administrative remedies.  The court dismissed the “reasonable actual cost” claim “with prejudice” and ordered that Counce could not argue the reasonableness of Continental’s costs for drilling and operating the well during the trial.  The court also granted partial summary judgment dismissing Counce’s fraud and breach of fiduciary duty counterclaims, and dismissing both parties’ unjust enrichment claims.  Following a trial, the jury found that Continental had not committed abuse of process against Counce, but that Counce had breached its contract with Continental by failing to pay its proportionate share to drill and operate the well.  The jury awarded Continental $153,666.50.

II

[¶5] The dispositive issue on appeal is whether the district court had subject matter jurisdiction over this lawsuit.

[¶6] To issue a valid order or judgment, a court must have both subject matter and personal jurisdiction.  
See
 
Interest of M.W.
, 2010 ND 135, ¶ 5, 785 N.W.2d 211; 
Albrecht v. Metro Area Ambulance
, 1998 ND 132, ¶ 10, 580 N.W.2d 583.  Issues involving subject matter jurisdiction cannot be waived and can be raised by the parties or the court at any time.  
See
 
Trottier v. Bird
, 2001 ND 177, ¶ 5, 635 N.W.2d 157; 
Earnest v. Garcia
, 1999 ND 196, ¶ 7, 601 N.W.2d 260.  Subject matter jurisdiction is the court’s legal authority to hear and determine the general subject involved in an action.  
See
 
Garaas v. Cass Cty. Joint Water Res. Dist.
, 2016 ND 148, ¶ 4, 883 N.W.2d 436; 
Trottier
, at ¶ 6.  Dismissal for lack of subject matter jurisdiction is generally appropriate if the plaintiff fails to exhaust administrative remedies, because failure to exhaust those remedies precludes making a claim in court.  
See
 
GEM Razorback, LLC v. Zenergy, Inc.
, 2017 ND 33, ¶¶ 8-9, 890 N.W.2d 544; 
Vogel v. Marathon Oil Co.
, 2016 ND 104, ¶ 7, 879 N.W.2d 471.  We review decisions on subject matter jurisdiction 
de novo
 when the jurisdictional facts are undisputed.  
See
 
Zerr v. N.D. Workforce Safety & Ins.
, 2017 ND 175, ¶ 10, 898 N.W.2d 700; 
Lavallie v. Lavallie
, 2015 ND 69, ¶ 7, 861 N.W.2d 164.

[¶7] We have repeatedly emphasized that, under N.D.C.C. ch. 38-08, the Legislature granted the Industrial Commission broad authority to regulate oil and gas development.  
See, e.g.
, 
Black Hills Trucking, Inc. v. N.D. Indus. Comm’n
, 2017 ND 284, ¶ 12; 
Langved v. Cont’l Res., Inc.
, 2017 ND 179, ¶ 12, 899 N.W.2d 267;
 Envtl. Driven Solutions, LLC v. Dunn Cty.
, 2017 ND 45, ¶ 9, 890 N.W.2d 841; 
GEM Razorback
, 2017 ND 33, ¶ 10, 890 N.W.2d 544.  When the Commission issues a pooling order, N.D.C.C. § 38-08-08(2) directs in part:

Each such pooling order must make provision for the drilling and operation of a well on the spacing unit, and for the payment of the reasonable actual cost thereof by the owners of interests in the spacing unit, plus a reasonable charge for supervision.  In the event of any dispute as to such costs, the commission shall determine the proper costs.

The pooling order in this case consequently provides:

(5) The working interest owners shall reimburse the operator for their proportionate share of the reasonable actual cost of drilling and operating said well, plus a reasonable charge for supervision.

(6) In the event of any dispute as to such costs the Commission shall determine the proper cost.

[¶8] The interpretation and application of statutes are questions of law fully reviewable on appeal.  
E.g.
, 
Nusviken v. Johnston
, 2017 ND 22, ¶ 5, 890 N.W.2d 8.  When interpreting statutes, “we first look to the plain language of the statute and give each word of the statute its ordinary meaning.”  
Denault v. State
, 2017 ND 167, ¶ 10, 898 N.W.2d 452 (quoting 
State v. Meador
, 2010 ND 139, ¶ 11, 785 N.W.2d 886).  Section 38-08-08(2), N.D.C.C., dictates that “any dispute” over “reasonable actual cost” must be determined by the Commission.  The parties agree that, based on the pooling order and the accepted invitation to participate in the drilling of the well, a contract exists between them which is imposed by operation of N.D.C.C. ch. 38-08.  Under the law and the resulting contract, Counce was only required to pay its proportionate share of the “reasonable actual cost” of drilling and operating the well, and “any dispute” about those costs must be resolved exclusively by the Commission.

[¶9] Section 38-08-08(2), N.D.C.C., allows an operator to place a lien on a non-

operating working interest owner’s proportionate share of production, and N.D.C.C. § 38-08-10 allows the lien to be “foreclosed as provided for with respect to foreclosure of a lien on chattels.”  The statutory scheme, however, does not authorize a court action for breach of contract to collect what the operator believes a non-

operating working interest owner owes for the “reasonable actual cost” of drilling and operating the well.  When Continental amended its complaint to abandon the lien foreclosure action and allege breach of contract against Counce, the district court lost subject matter jurisdiction over the lawsuit.  Because Counce’s counterclaims were inextricably intertwined with the “reasonable actual cost” determination, the court also lacked subject matter jurisdiction over the counterclaims.  Under the law and the parties’ contract, only the Commission is authorized to determine the “reasonable actual cost” of drilling and operating the well, and the parties have not sought a determination by the Commission.

[¶10] Because the parties have failed to exhaust their administrative remedies before the Commission, we conclude the district court lacked subject matter jurisdiction over this lawsuit.

III

[¶11] We do not address other issues raised because they are unnecessary to the decision.  A judgment entered by a court without subject matter jurisdiction is void and can be vacated.  
See
 
Brown v. Burleigh Cty. Hous. Auth.
, 2013 ND 120, ¶ 18, 833 N.W.2d 512; 
Interest of M.W.
, 2010 ND 135, ¶ 5, 785 N.W.2d 211.  The judgment is vacated.

[¶12] Jerod E. Tufte

Jon J. Jensen

Dale V. Sandstrom, S.J.

Daniel J. Crothers

Lisa Fair McEvers, A.C.

[¶13] The Honorable Dale V. Sandstrom, Surrogate Judge, sitting in place of VandeWalle, C.J., disqualified.